## STATE OF FLORIDA v. MC LAIN

8 So. (2nd) 392                                    Division A

May 15, 1942

J. Tom Watson, Attorney General, and Kenneth Ballinger, Assistant Attorney General, for appellant. L. W. Blanton, for appellee.

BUFORD, J.:

The appeal is by the State under the Criminal Procedure Act Chapter 19554, Acts of 1939, from a judgment quashing an indictment.

To determine the question presented we must construe in paria materia three statutes which are as follows:

7071 C.G.L. (4982) "Meaning of the word 'animal' . . . In this Chapter, and in every law of the State relating to or in any way affecting animals, the word 'animal' shall be held to include every living dumb creature; . . . "

7242 C.G.L. (5141) "Larceny of and injury to dogs . . . Any person who shall steal or maliciously injure, wound or kill any dog, the property of another, shall be deemed guilty of a misdemeanor, and upon conviction of the theft of a dog shall be punished as for larceny of other property and upon conviction of maliciously injuring, wounding or killing a dog shall be guilty of a misdemeanor and fined not more than one hundred dollars, or imprisoned not more than sixty days, and all dogs owned and domiciled within the State of Florida are hereby declared to be domestic animals and ownership of and property rights therein shall exist and be asserted and protected in the same manner and under the same conditions as ownership and property rights in other domestic animals."

7360 C.G.L. (5241) "Wantonly killing, etc., animals of another . . . Whoever willingly or wantonly and without malice towards the owners kills, maims or disfigures any horse, cattle or other animals belonging to another person shall be punished by imprisonment not exceeding one year, or by fine not exceeding five hundred dollars.

The indictment in this case sufficiently charged the violation of Sec. 7242, supra.

Sec. 7360, supra, is not applicable because that section applies to "horses, cattle and other animals," while Sec. 7242, supra, applies in terms to "dog" only and thus the legislative intent is evidenced to leave dogs out of the contemplation of Sec. 7260, supra, regardless of the contents of Section 7071, supra.

The jurisdiction to try a case in which violation of Sec. 7360 supra, is charged, is in the Circuit Court of Taylor County, while the jurisdiction to try a cause in which the violation of Sec. 7242 is charged is in the County Judge's Court.

The motion to quash was properly granted because the circuit court was without jurisdiction to try the case made by the indictment.

There is no provision for the certifying of such indictments to the County Judge's Court for disposition.

The order quashing the indictment is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.