OTT, Judge.
Appellant was convicted of the Malicious Maiming of an Animal in violation of Section 828.07, Florida Statutes (1975) (Repealed). The issue is whether the appellant’s shooting of a dog in the leg falls within the felony coverage of the Florida Statutes. We hold that under the prevailing circumstances, the appellant could not have been charged and convicted of a felony. Therefore, we reverse.
In State v. McLain, 150 Fla. 592, 8 So.2d 392 (1942) the court held that then applicable Section 7360, Florida Statutes did not apply to dogs because the legislature had evidenced its intent that a separate statute govern injuries to dogs. (Section 7242) Thus, the court held that notwithstanding the fact that the definitional section then in force (Section 7071) defined animal as including “every living dumb creature” that the “horse, cattle or other animals” language of Section 7360 did not include dogs.
Prior to 1972 there existed four separate statutory provisions dealing with the broad area of criminal conduct with respect to various animals. Section 811.19 [whose predecessor was Section 7242 — discussed in McLain ] was the statute dealing specifically with dogs before its repeal in 1972. The general animal misdemeanor statute was Section 828.09 [whose predecessor was Section 7360 — discussed in McLain ]; the general animal felony statute was Section 828.-07, Florida Statutes. Both 828.07 and 828.-09 were repealed by the Laws of 1974; the effective date of the repeal of 828.07 was subsequent to appellant’s act. The final statute — Section 828.12, Florida Statutes— is the only one of the four still in force. Under this statute the prohibited acts constitute a misdemeanor only. For its own reasons the state chose to charge the appellant under 828.07 rather than 828.12.
The repeal of Section 811.19 was without comment. In the absence of a clearly expressed legislative intent the mere repeal cannot elevate a misdemeanor to the status of a felony under these circumstances. *750 Since the legislative history clearly establishes that dogs never fell within the coverage of Section 828.07, we cannot countenance the state’s bringing the information under this section.
Whether dogs are covered by the presently applicable Section 828.12 is another question for another time. In any event, we think it worth noting that if dogs are covered the offense would be a misdemeanor as it was previously.
The judgment of conviction of the appellant is therefore set aside, the sentence vacated and the appellant ordered discharged.
BOARDMAN, C. J., and HOBSON, J., concur.